IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT SALLEY and**
**BONITA CUNNINGHAM**                                     **PLAINTIFFS**

**v.**                                                          **CAUSE NO: 4:18-CV-66-MPM-JMV**

**WEBSTER COUNTY, MISSISSIPPI,**
**SHERIFF TIM MITCHELL, IN HIS OFFICIAL**
**CAPACITY, CHIEF DEPUTY DILLON**
**CATES, IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITIES, and DEPUTY BLAKE**
**LOVE, IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITIES**                                          **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW Plaintiffs Robert Salley and Bonita Cunningham (hereinafter "Plaintiff Salley," "Plaintiff Cunningham," or collectively "Plaintiffs"), by counsel, and files this, his *Complaint* against the Defendants Webster County, Mississippi, Sheriff Tim Mitchell, In His Official Capacity, Chief Deputy Dillon Cates, In His Individual and Official Capacities, and Deputy Blake Love, In His Individual and Official Capacities (hereinafter "Defendant County," "Defendant Sheriff Mitchell," "Defendant Chief Deputy Cates," "Defendant Deputy Love," or collectively "Defendants"), and allege the following:

## PARTIES

1. Plaintiffs are an adult resident citizens of the State of Mississippi, residing at 718 Pleasant Grove Road, Gore Springs, MS 38929.

2. Defendant County is a governmental entity existing in the State of Mississippi, and may be served with process upon Russ Turner, Chancery Clerk, at 515 Carroll Street, Walthall, MS 39771.

3. Defendant Sheriff Mitchell, employed with the Webster County Sheriff's Department, is an adult resident citizen of the State of Mississippi, and he may be served with process at 321 E. Gould Avenue, Eupora, MS 39744.

4. Defendant Chief Deputy Cates, employed with the Webster County Sheriff's Department, is an adult resident citizen of the State of Mississippi, and he may be served with process at his place of employment at 321 E. Gould Avenue, Eupora, MS 39744.

5. Defendant Deputy Love, employed with the Webster County Sheriff's Department, is an adult resident citizen of the State of Mississippi, and he may be served with process at 321 E. Gould Avenue, Eupora, MS 39744.

## JURISDICTION and VENUE

6. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

7. Jurisdiction of this court also arises under 28 U.S.C. §1331, 1343(a), 42 U.S.C. §1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all defendants are residents of this district and residents of the State of Mississippi in which the Northern District is located. The incident also occurred in Grenada County, Mississippi.

## FACTS

9. At all times relevant herein, Defendants Sheriff Mitchell, Chief Deputy Cates, and Deputy Love were employees of the Defendant Webster County, MS (Sheriff's Department), acting within the scope of their employment.

10. On or about, March 3rd, 2018, Plaintiff and his girlfriend, Plaintiff Cunningham, were traveling to Cunningham sister's residence in Mantee, MS for a BBQ that she was hosting. Plaintiffs took a series of back roads (rural areas) through Walthall, MS (Webster County) while on their way home. Plaintiff Salley made a wrong turn in Walthall and ended up on Hwy 50 by mistake.

11. As a result of the wrong turn, Plaintiff Salley turned around to get back on the right track. Prior to turning around, Plaintiffs noticed a couple vehicles a good distance down the road from him, but he assumed that the individuals had stopped to chat with one another. There were no lights active and/or no other indication that a road block was taking place.

12. Once Plaintiffs were traveling in the right direction, he saw blue light following behind him in the rear-view mirror. Plaintiffs were unsure if Defendant County police were following him or if the County officer wanted to go around, but shortly thereafter, Plaintiffs realized the officer was pursing them. Plaintiff Cunningham noticed that it was Defendant Chief Deputy Cates who was trailing behind them.

13. Given the previous history between Plaintiff Salley and employees of Defendant County, Plaintiff Salley immediately became frightened and wanted to get to a location where he would have witnesses to the events with Webster County employees. At that point, he would surrender to the officials despite having knowledge of why he was being pursued.

14. Plaintiffs traveled through Slate Springs (Calhoun County), through Sabola, and was struck from the rear by Defendant Chief Deputy Cates.

15. Plaintiff Salley merged onto Hwy 8 at Sabola, heading west toward Pleasant Grove Road (Plaintiff's residence) in Grenada County. He missed the original turn onto Cadaretta Road, and made the left turn onto Millhouse Road. He overshot the left turn and slid into a ditch. Plaintiff Salley attempted to get the vehicle out of the muddy ditch, and Defendant Chief Deputy Cates exited his vehicle.

16. Defendant Chief Deputy Cates approached Plaintiffs' vehicle in Grenada County with his firearm drawn and yelling "Let me see your hand…Let me see your hand." Plaintiffs' vehicle finally emerged from the ditch, and Defendant Chief Deputy Cates immediately opened fire at the vehicle with both Plaintiffs still inside. Multiple shots were fired at Plaintiffs' vehicle by Defendant Chief Deputy Cates, causing damages to the back window, dashboard, tires, car body, and Plaintiff Salley. Plaintiff Salley sustained bullet wounds to the back of his right shoulder and right arm.

17. Once Plaintiffs arrived in his mother's yard, he ran into the house through the front door, exited from the back and hid under his brother's truck. Defendant Chief Deputy Cates and other Webster County police arrived at Plaintiffs' residence thereafter threatening to put the dogs on him, but Plaintiff Salley continued to hide underneath his brother's truck as an attempt to give his mother additional time to get to the residence and witness what was happening.

18. Plaintiff Salley was attacked by the K-9 and transported to Baptist Memorial Hospital – Oxford for treatment; thereafter, he was released into the custody of Grenada Police Department.

19. At all times relevant herein, Deputy Love was present and witnessed the actions of his co-worker, Defendant Chief Deputy Dillon Cates, and failed to intervene.

20. As a proximate result of the Defendants' negligent actions, Plaintiffs sustained injuries and damages.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT
## OF A SIMILAR CHARACTER, KIND OR NATURE

21. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

22. The Plaintiffs are entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, and nature as that demonstrated and described in this complaint at any time in the future within the subject jurisdiction.

## COUNT TWO
## VIOLATIONS OF 42 U.S.C. 1983: ARREST

23. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

24. At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §1983, 1985, 1986, 1988.

25. Acting under the color of law, Defendants worked to deny Plaintiff's rights, privileges or immunities secured by the United States Constitution or by the Federal Law in the following manner:

   a. By making an unreasonable search and seizure of his property without due process of law;

   b. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiffs equal protection of laws;

   c. By refusing or neglecting to prevent such deprivations and denials to Plaintiffs, thereby depriving Plaintiffs of their rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

## COUNT THREE
## VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTNG TO PREVENT

26. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

27. At all times relevant to this Complaint, Defendants Chief Deputy Cates and Deputy Love were acting under the direction and control of Defendant County and Sheriff Mitchell.

28. Acting under the color of law and pursuant to official policy or custom, Defendant County and Sheriff Mitchell knowingly or recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendants Chief Deputy Cates and Deputy Love in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b. Unlawfully and maliciously arresting and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    c. Conspiring to violate the rights, privileges, and immunities guaranteed to the Plaintiffs by the Constitution and laws of the United States and the laws of the State of Mississippi; and

    d. Otherwise depriving Plaintiffs of their constitutional and statutory rights, privileges, and immunities

29. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

30. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Sheriff Mitchell and officers heretofore described.

31. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in the paragraphs above, Plaintiffs suffered severe physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

## COUNT FOUR
## NEGLIGENT, GROSSLY NEGLIGENT, WANTON FAILURE IN HIRING AND

**TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.**

32. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

33. The Defendants, Webster County and Sheriff Tim Mitchell, were grossly negligent and/or acted in reckless disregard in failing to monitor the actions of Defendants Chief Deputy Cates and Deputy Love. They further grossly negligently and/or acted in reckless disregard in failing to train the aforementioned Defendants Chief Deputy Cates and Deputy Love to properly protect, investigate, interrogate, or detain the Plaintiff Salley and other similarly situated individuals. Defendants grossly negligent and/or acted in reckless disregard in failing properly follow and/or apply their own city and law enforcement rules ordinances regulations, policies and procedures, as well as state law generally. The Webster County, Mississippi and Sheriff Tim Mitchell acted in reckless disregard in failing to properly supervise the actions of Defendants Chief Deputy Cates and Deputy Love. Defendant County acted in reckless disregard in failing to properly supervise the actions of Defendants Chief Deputy Cates and Deputy Love.

34. As a direct and proximate result of the Defendants' negligent, grossly negligent, and/or reckless acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT FIVE**
**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

35. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

36. The Plaintiffs allege that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon his mind, spirit, and body. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety.

37. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interest and reputations, and to disregard the Plaintiffs' right to the detriment of the Plaintiffs.

38. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SIX
## CIVIL ASSAULT AND BATTERY

39. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

40. The Defendants are liable for civil assault and battery. The Plaintiffs allege that the Defendant Chief Deputy Cates intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his mind, spirit, and body by shooting his twice (once in the right shoulder and once in the right arm) and continuing to fire shots at him thereafter. Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

41. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

42. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SEVEN
## EXCESSIVE FORCE

43. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

44. Plaintiffs would show unto the Court the Defendants took actions to deprive Plaintiff Salley of his 4th Amendment protection against excessive force.

## COUNT EIGHT
## RECKLESS DISREGARD

45. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

46. Plaintiffs would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiffs.

## COUNT NINE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTETION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.

47. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

48. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Plaintiffs' rights, took actions to deprive Plaintiffs of their due process rights and equal protection rights.

49. Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT TEN
## BYSTANDERS' LIABILITY

50. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

51. Defendant Deputy Love was liable when he idly stood by and witnessed Defendant Chief Deputy Cates intentionally and negligently inflict extreme emotional distress upon Plaintiffs' minds, spirits, and body by firing multiple gunshots at Plaintiffs' vehicle, injuring Plaintiff Salley in the process while Plaintiffs were unarmed.

52. As a direct and proximate result of aforementioned Defendants' negligence, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## PRAYER FOR APPROPRIATE RELIEF

53. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

54. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiffs have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

55. All Defendants are jointly and severally liable to Plaintiffs for the damages: injuries to his right shoulder, right arm, past, present and future pain, suffering and mental and emotional anguish, lost wages, and all other damages to be proved at trial.

56. The Plaintiffs bring this action against all Defendants are demands judgment and compensatory damages as a result of the negligent act/or intentional acts enumerated herein an amount to be determined by this Court.

57. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiffs and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $1,000,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

This, the 15th day of March, 2018.

                                                 **ROBERT SALLEY, Plaintiff**

**By:** *Carlos E. Moore*
          **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com