IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT SALLEY and
BONITA CUNNINGHAM                                            PLAINTIFFS

v.                                            CAUSE NO: 4:18 -CV-66-MPM-JMV

WEBSTER COUNTY, MISSISSIPPI, SHERIFF TIM MITCHELL,
IN HIS OFFICIAL CAPACITY, CHIEF DEPUTY DILLON
CATES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
and DEPUTY BLAKE LOVE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES                                                    DEFENDANTS

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## MOTION TO ABSTAIN

NOW COME DEFENDANTS, **WEBSTER COUNTY (Officially), SHERIFF TIM MITCHELL (Officially), DEPUTY DILLON CATES (Officially and Individually),** and **DEPUTY BLAKE LOVE (Officially and Individually),** by counsel, and respectfully move this Court for a an order of abstention premised upon pending claims in state court intertwined with the instant civil claim over a March 3, 2018, felony pursuit, and would show unto the Court the following, to-wit.

**1. BACKGROUND:** This incident arises from a March 3, 2018, felony pursuit that began in Webster County, when Plaintiff Salley turned around and ran away at high speed from Deputies. On March 15, 2018, Plaintiffs filed the instant suit in the Northern District of Mississippi, seeking actual and punitive damages pursuant to 42 U.S.C. §1983, attorney fees pursuant to 42 U.S.C. §1988 and damages under state law. Even though Plaintiff Salley was arrested for felony flight and has a pre-existing indictment arising from an arrest related to methamphetamine, he wants this federal court to grant an injunction against law enforcement from arresting him again. **[Doc. 1, Page 5]**.

1

      **2. AUTHORITY SUPPORTING ABSTENTION:** Movants respectfully seek abstention here.

> **PREMISE:** Abstention applies '"where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."' See *Wilton v. Seven Falls Co.,* 515 U.S. 277, 281 (1995).
>
> **FACT SUMMARY:** Plaintiff Salley had a pending bench warrant on a methamphetamine arrest in Webster County at the time he saw a road block, turned and ran away at a high rate of speed. He is now charged with felony flight. Per protocol an MBI investigation is ongoing. Both Plaintiff Salley and the individual deputies will all need to be presented to a state court grand jury.

*(Younger)*

    *Younger v. Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S.Ct. 746 (1961), requires abstention when a pending state criminal prosecution is ongoing. *Younger* further requires abstention if a state proceeding implicates important state interests and provides an adequate forum to raise the federal claims. In *Younger*, the Supreme Court held that federal court, with valid subject-matter jurisdiction, was nonetheless prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that would warrant federal intervention. *Id*., 401 U.S. 37, 45, 53-53. The Court based its ruling upon considerations of equity and comity. *Id*. at 43-44. The Court explained, Courts of equity should not act....when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief...this underlying reason....is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. *Id*. and *Lawrence v. McCarthy*, 344 F.3d 467, 471 (5th Cir. 2003).

Taking these principles into account and recognizing the Plaintiffs' own selection of this venue, we respectfully submit that this Court is well within its discretion to abstain this action without prejudice so that the criminal charges necessarily pending in state court are fully adjudicated.

### *(Colorado River)*

Abstention is a narrow exception to the court's duty to adjudicate a controversy in which it has proper jurisdiction. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). A district court should not abstain absent some important countervailing state interest. *Id*. at 814. The *Colorado River* doctrine only applies to parallel federal and state court actions which, though not necessarily identical, involve substantially the same issues and parties. *Stewart v. W. Heritage Ins. Co.,* 438 F.3d 488, 491 (5th Cir. 2006).

Under *Colorado River,* there are six factors that courts must balance on a case-by-case basis to determine whether exceptional circumstances warrant abstention:

1) assumption by either court of jurisdiction over a res,

2) relative inconvenience of the forums,

3) avoidance of piecemeal litigation,

4) the order in which jurisdiction was obtained by the concurrent forums,

5) to what extent federal law provides the rules of decision on the merits, and,

6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[1]

In the absence of any federal law question, abstention is still befitting only in rare and exceptional instances. *Black Sea Inv., v. United Heritage Corp.,* 204 F.3d 647, 651 (5th Cir. 2000). Abstention is only favored by the fifth factor when there is a compelling reason not to exercise

---

[1] *Stewart v. W. Heritage Ins. Co.,* 438 F.3d 488, 491 (5th Cir. 2006).

federal jurisdiction. *Id.* The sixth factor concerns protecting the rights of the party seeking a federal forum, and can only be neutral or weigh against abstention. *Evanston,* 844 F.2d at 1193. "The decision whether to dismiss a federal action because of parallel state court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[2]

> **The first Colorado River factor** weighs in favor of abstention as the current controversy is a long-standing issue between Plaintiff Salley and pending criminal charges in Webster County. Telling, is the fact Plaintiffs also include injunctive relief in their complaint.[3]
>
> **The second Colorado River factor** weighs in favor of abstention, as the existing indictment and future grand jury consideration are all centered in Webster County. All of these are approximately one hour closer to Oxford, one half-one hour closer to Aberdeen, and two hours closer to Greenville.[4]
>
> **The third Colorado River factor** weighs in favor of abstention, as Plaintiff's dispute with is readily addressed under the MTCA. These claims are subject to the requirements of toling under *Miss. Code Ann*. §11-46-11 and would be stayed automatically under Uniform Civil Rule 16(b)(3)(B) which automatically stays all discovery unrelated to the issue of immunity defenses.
>
> **The fourth Colorado River factor** weighs in favor of abstention, as Plaintiffs are seeking injunctive relief against being prosecuted in state court.
>
> **The fifth Colorado River factor** favors abstention, as an earlier disposition of the state

---

[2]*Moses H. Cone Mem. Hosp.,* 460 U.S. at 16.

[3]*Rogers Group, Inc. v. WG Constr.* Co., 2012 U.S. Dist. LEXIS 86040 (Mills)(When the federal and state courts have not retained jurisdiction over some real property, the Supreme Court and Fifth Circuit hold this first factor weighs against abstention. (Citing *Stewart v. W. Heritage Ins. Co.,* 438 F.3d 488, 491 (5th Cir. 2006)).

[4]The second factor is based on the doctrine of forum non conveniens, so the question is not which is more convenient for either party but whether the federal forum poses a great enough hardship to warrant abstention. *Id*. (citing *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1190-91 (5th Cir. 1988)).

4

claims poses a high degree of probability for preclusion under the long standing authority.[5]

**The sixth Colorado River factor** again favors abstention because it is neutral at best.

**NOW, THEREFORE,** Movants respectfully pray that:

1) In the alternative, the Court dismiss the instant case via abstention; and,

2) The Court grant such other relief, as may be warranted under the circumstances, including attorney fees and costs incurred via the instant motion under authority of *Fed. R. Civ. Proc.* Rule 11 and/or 42 U.S.C. §1988.

**FILED** this the 16th day of April, 2018.

                               **JACKS | GRIFFITH | LUCIANO, P.A.**

                               By:   /s/ ***Daniel J. Griffith***
                                    Daniel J. Griffith, MS Bar No. 8366
                                    Attorney for Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
www.jlpalaw.com

---

[5] This doctrine takes its name from two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and precludes a party that lost in state court from seeking review of the state judgment in federal district court. See *Skinner v. Switzer,* 562 U.S. 521, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011).

## **CERTIFICATE OF SERVICE**

      I, Daniel J. Griffith, attorney of record for Defendants do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum in Support of Motion to Abstain* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

                        Carlos E. Moore, Esq.
                        TUCKERIMOORE GROUP, LLP
                        306 Branscome Drive
                        P. 0. Box 1487
                        Grenada, MS 38902-1487
                        662-227 -9940 - phone
                        662-227-9941 - fax
                        Email: carlos@tuckermoorelaw.com

      **DATED** this 16th day of April, 2018.

                                         /s/ ***Daniel J. Griffith***
                                         Daniel J. Griffith