**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILE DIVISION**

**ROBERT SALLEY and
BONITA CUNNINGHAM**                                                      **PLAINTIFFS**

**v.**                                                                 **CAUSE NO: 4:18-CV-66-MPM-JMV**

**WEBSTER COUNTY, MISSISSIPPI, SHERIFF TIM MITCHELL,
IN HIS OFFICIAL CAPACITY, CHIEF DEPUTY DILLON
CATES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
And DEPUTY BLAKE LOVE, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES**                                      **DEFENDANTS**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

      **COME NOW** Plaintiffs Robert Salley and Bonita Cunningham (hereinafter "Plaintiff Salley," "Plaintiff Cunningham," or collectively "Plaintiffs"), by counsel, and files this, their Response in Opposition to Defendant's Motion to Dismiss. Plaintiffs move this Honorable Court to deny Defendant's Motion and request a hearing on said Motion, and as grounds therefore, would stated as follows:

1. This case arises from Defendants' violation of Plaintiffs federal and state law rights. As a result, Plaintiffs sustained compensable injuries.

2. On or about March 3, 2018, Plaintiff Salley and his girlfriend Plaintiff Cunningham, were traveling to Cunningham sister's residence in Mantee, MS for a BBQ that she was hosting. Plaintiffs took a series of back roads (rural areas) through Walthall, MS (Webster County) while on their way home. Plaintiff Salley made a wrong turn in Walthall, MS (Webster County) and ended up on Hwy 50 by mistake.

3. As a result of the wrong turn, Plaintiff Salley turned around to get back on the right track. Prior to turning around, Plaintiffs noticed a couple of vehicles a good distance down the road from him, but he assumed the individuals had stopped to chat with one

another. There were no lights active and/or no other indication that a road block was taking place.

4. Once Plaintiffs were traveling in the right direction, Salley saw a blue light following them in the rear-view mirror. Plaintiffs were unsure if Defendant County Police were following them or if the County Officer wanted to go around, but shortly thereafter, Plaintiffs realized the officer was pursing them. Plaintiff Cunningham noticed it was Defendant Chief Deputy Cates who was trailing behind them.

5. Given the previous history between Plaintiff Salley and employees of Defendant County, Plaintiff Salley immediately became frightened and wanted to get to a location where he would have witnesses to the events with Webster County employees. At that point, he would surrender to the officials despite having no knowledge of why he was being pursued.

6. Plaintiffs traveled through Slate Springs (Calhoun County), through Sabola, and was struck from the rear by Defendant Chief Deputy Cates.

7. Salley merged onto Hwy 8 at Sabogla, heading west toward Pleasant Grove Road (Plaintiff's residence) in Grenada County. He missed the original turn onto Cadaretta Road and made the left turn onto Millhouse Road. He overshot the left turn and slid into a ditch. Plaintiff Salley attempted to get the vehicle out of the muddy ditch, and Defendant Chief Deputy Cates exited his vehicle.

8. Defendant Chief Deputy Cates approached Plaintiffs' vehicle in Grenada County with his firearm drawn and yelling "Let me see your hand… Let me see your hand." Plaintiffs' vehicle finally emerged from the ditch, and Defendant Chief Deputy Cates immediately opened fire at Plaintiff's vehicle with both Plaintiffs still inside. Multiple

shots were fired at Plaintiffs' vehicle by Defendant Chief Deputy Cates, causing damages to the back window, dashboard, tires, body of car, and Plaintiff Salley. Plaintiff Salley sustained bullet wounds to the back of his right shoulder and right arm.

9. Once Plaintiffs arrived in Salley mother's yard, he ran into the house through the front door, exited from the back and hid under his brother's truck. Defendant Chief Deputy Cates and other Webster County deputies arrived at Plaintiffs' residence thereafter threatening to put the dogs on him, but Plaintiff Salley continued to hide underneath his brother's truck as an attempt to give his mother additional time to get to the residence and witness what was happening.

10. Plaintiff Salley was attacked by the K-9 and transported to Baptist Memorial Hospital- Oxford for treatment; thereafter, he was released into the custody of Grenada Sheriff's Department.

11. At all ties relevant herein, Deputy Love was present and witnessed the actions of his co-worker, Defendant Chief Deputy Dillon Cates, and failed to intervene.

12. As a proximate result of the Defendants' negligent actions, Plaintiffs sustained injuries and damages.

13. On April 16, 2018, Defendants' filed a Motion to Dismiss seeking this Court for a finding of qualified immunity, dismissal and/or judgment on the pleadings pursuant to Rule 12(b)(1)(2)(6) and (c), Fed. R. Civ. Proc.

**(1) FEDERAL PREMISE:** This lawsuit arises from claims brought on behalf of Plaintiffs who allege state and federal claims. It is clear from the face of Plaintiffs' Complaint the Federal Claims alleged are constitutional. First, Plaintiffs issues of pursuit and excessive force survives qualified immunity. Second, there is a plausible violation of the United States

Constitution under the requisite intent to injure standard applicable to passenger claims of Plaintiff Cunningham. Third, both Plaintiffs pleaded a plausible official capacity federal claim. Finally, Plaintiffs' Complaint does not duplicate official capacity defendants.

**(2) STATE LAW PREMISE:** Plaintiffs are subject to the requirements of the MTCA because some Defendants named herein is a governmental entity. *See* § 11-46-1(j). As required, Plaintiffs complied with the notice provisions and cites as authority *Jackson v. City of Wiggins,* 760 So.2d 694 (Miss.2000), *City of Pascagoula v. Tomlinson,* 741 So.2d 224 (Miss.1999), and *Jackson v. City of Booneville,* 738 So.2d 1241 (Miss.1999). Plaintiff will move to amend complaint in June 2018 to properly add the State law claims.

**(3) INJUNCTIVE RELIEF:** There is federal jurisdiction to grant Plaintiffs immunity by injunction from future criminal acts.

**(4) BRIEFING:** In accord with Uniform Local Rule 7(b), these Defendants are filing their supporting authorities herewith.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray this Honorable Court will deny Defendants' Motion to Dismiss. Plaintiffs also pray for all other general relief this Court deems to be fair and just.

Respectfully submitted this the 30th day of April 2018.

                                                      **PLAINTIFFS**
                                                      /s/ *Carlos E. Moore*
                                                      CARLOS E. MOORE, MSB#100685

**OF COUNSEL:**
**TUCKER MOORE GROUP**
**306 Branscome Drive**
**P. O. Box 1487**
**Grenada, Mississippi 38901**
**Office: (662) 227-9940**
**Fax:  (662) 227-9941**
**carlos@tuckermoorelaw.com**

**CERTIFICATE OF SERVICE**

      I certify a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

This the 30th day of April 2018.

                                            /s/ *Carlos E. Moore*
                                            CARLOS E. MOORE, MSB#100685