**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROBERT SALLEY and
BONITA CUNNINGHAM**                                                                  **PLAINTIFFS**

**v.**                                                                  **CAUSE NO: 4:18-CV-66-MPM-JMV**

**WEBSTER COUNTY, MISSISSIPPI, SHERIFF TIM MITCHELL,
IN HIS OFFICIAL CAPACITY, CHIEF DEPUTY DILLON
CATES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
And DEPUTY BLAKE LOVE, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES**                                                                  **DEFENDANTS**

---

**PLAINTIFFS' MEMORANDUM OF AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION FOR ABSENTION**

---

**COMES NOW** Plaintiffs Robert Salley and Bonita Cunningham (hereinafter "Plaintiff Salley," "Plaintiff Cunningham," or collectively "Plaintiffs"), by counsel, and respectfully move this Honorable Court to deny Defendant's Motion for Abstention and request a hearing on said Motion, and as grounds therefore, would stated as follows:

1. This case arises from Defendants' violation of Plaintiffs federal and state law rights. As a result, Plaintiffs sustained compensable injuries.

2. On or about March 3, 2018, Plaintiff Salley and his girlfriend Plaintiff Cunningham, were traveling to Cunninghan sister's residence in Mantee, MS for a BBQ that she was hosting. Plaintiffs took a series of back roads (rural areas) through Walthall, MS (Webster County) while on their way home. Plaintiff Salley made a wrong turn in Walthall, MS (Webster County) and ended up on Hwy 50 by mistake.

3. As a result of the wrong turn, Plaintiff Salley turned around to get back on the right track. Prior to turning around, Plaintiffs noticed a couple of vehicles a good distance

down the road from him, but he assumed the individuals had stopped to chat with one another. There were no lights active and/or no other indication that a road block was taking place.

4.  Once Plaintiffs were traveling in the right direction, Salley saw a blue light following them in the rear-view mirror. Plaintiffs were unsure if Defendant County Police were following them or if the County Officer wanted to go around, but shortly thereafter, Plaintiffs realized the officer was pursing them. Plaintiff Cunningham noticed it was Defendant Chief Deputy Cates who was trailing behind them.

5.  Given the previous history between Plaintiff Salley and employees of Defendant County, Plaintiff Salley immediately became frightened and wanted to get to a location where he would have witnesses to the events with Webster County employees. At that point, he would surrender to the officials despite having no knowledge of why he was being pursued.

6.  Plaintiffs traveled through Slate Springs (Calhoun County), through Sabola, and was struck from the rear by Defendant Chief Deputy Cates.

7.  Salley merged onto Hwy 8 at Sabola, heading west toward Pleasant Grove Road (Plaintiff's residence) in Grenada County. He missed the original turn onto Cadaretta Road and made the left turn onto Millhouse Road. He overshot the left turn and slid into a ditch. Plaintiff Salley attempted to get the vehicle out of the muddy ditch, and Defendant Chief Deputy Cates exited his vehicle.

8.  Defendant Chief Deputy Cates approached Plaintiffs' vehicle in Grenada County with his firearm drawn and yelling "Let me see your hand… Let me see your hand." Plaintiffs' vehicle finally emerged from the ditch, and Defendant Chief Deputy Cates

immediately opened fire at Plaintiff's vehicle with both Plaintiffs still inside. Multiple shots were fired at Plaintiffs' vehicle by Defendant Chief Deputy Cates, causing damages to the back window, dashboard, tires, body of car, and Plaintiff Salley. Plaintiff Salley sustained bullet wounds to the back of his right shoulder and right arm.

9. Once Plaintiffs arrived in Salley mother's yard, he ran into the house through the front door, exited from the back and hid under his brother's truck. Defendant Chief Deputy Cates and other Webster County deputy arrived at Plaintiffs' residence thereafter threatening to put the dogs on him, but Plaintiff Salley continued to hide underneath his brother's truck as an attempt to give his mother additional time to get to the residence and witness what was happening.

10. Plaintiff Salley was attacked by the K-9 and transported to Baptist Memorial Hospital- Oxford for treatment; thereafter, he was released into the custody of Grenada Sheriff Department.

11. At all ties relevant herein, Deputy Love was present and witnessed the actions of his co-worker, Defendant Chief Deputy Dillon Cates, and failed to intervene.

12. As a proximate result of the Defendants' negligent actions, Plaintiffs sustained injuries and damages.

13. On April 16, 2018, Defendants' filed a Motion for Abstention seeking this Court to dismiss the instant Complaint with prejudice pursuant to Rule 12(b)(6) and (c), Fed. R. Civ. Proc.

***Younger Abstention***

Contrary to the Defendants assertions, Younger abstention does not compel the dismissal of this instant case. In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts must abstain from exercising jurisdiction over an action brought by an indicted state criminal defendant seeking to enjoin the pending state criminal case against him. Since the resolution of Younger, the doctrine has been applied to bar federal relief in certain civil actions. The breadth of Younger's reach, according to the Supreme Court, is limited to the following three "exceptional circumstances": ongoing state criminal prosecutions, certain "civil enforcement proceedings," and "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591, 187 L. Ed. 2d 505 (2013) (citations omitted).

Proceedings "akin to a criminal prosecution," are required for this option to apply. See Sprint, 134 S. Ct. at 588.One of the exceptions applies here because at this time, there is no ongoing state criminal prosecution relating to this matter, and there are no "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."

Although some Younger elements are satisfied here, the court would not be required to abstain here because an exception to the application of the doctrine applies. Indeed, federal courts may disregard the Younger doctrine when a state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff. *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Plaintiffs have presented significant evidence of bad faith, allegedly showing that Defendants investigation and arrest of Plaintiffs was done in bad faith and represented an effort to harass the Plaintiffs. Defendants unjustifiably used excessive force when they rammed their vehicle into Plaintiff's vehicle. Furthermore, Defendants unjustifiably used a

deadly weapon and shot Plaintiff Salley twice in the rear arm and shoulder while also endangering the life and person of Plaintiff Cunningham. Afterwards, Defendants attempted to justify their actions by charging Plaintiff Salley with felony flight. Even where a state-court proceeding involves the same subject matter as the action filed in federal court, abstention is not necessarily warranted. *Sprint*, 134 S. Ct. at 588. There are no criminal charges pending against Plaintiff Cunningham.

### Colorado River

When a federal suit seeks monetary or other relief, even if declaratory relief is also requested, courts in this jurisdiction use the Colorado River standard to determine whether a stay of the federal proceedings is warranted. *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. Appx. 9, 11 (5th Cir. 2007). This Court's discretion to stay a case under *Colorado River*, however, is "narrowly circumscribed and requires the existence of exceptional circumstances before a stay is permissible." *Id*. (citations omitted). Furthermore, inadequate" state proceedings should not stand in the way of federal intervention.

A stay under Colorado River is permissible only when the federal and state proceedings are parallel; they must involve the same parties and the same issues. *Transocean Offshore USA, Inc*., 239 Fed. Appx. at 12 (citing *Diamond Offshore Co. v. A & B Builders, Inc*., 302 F.3d 531, 540 (5th Cir. 2002); *Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc*., 408 F.3d 248, 251 (5th Cir. 2005)). If the federal and state cases are parallel, the court engages in a multi-factored analysis to determine whether stay of the federal litigation is warranted. The factors are: "(1) the assumption by either court over a res; (2) the relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state

proceedings to protect the rights of the party invoking federal jurisdiction." *Transocean Offshore USA, Inc.*, 239 Fed. Appx. at 12 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L. Ed. 2d 483 (1976)). The factors are balanced, with the balance "heavily weighted in favor of the exercise of jurisdiction." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006) (citations omitted).

There is no assumption by either court over a res; (2) there is not a relative inconvenience of the forums; (3) Plaintiffs' claim does not prevent an avoidance of piecemeal litigation; (4) there are no issues in the order in which jurisdiction was obtained; (5) there are no issues as to the extent to which federal law provides the rules of decision on the merits; and (6) there is no adequacy of the state proceedings to protect the rights of the party invoking federal jurisdiction." Further, the sole issue remaining in both actions is one of federal law, and "the presence of federal-law issues must always be a major consideration weighing against" abstention under *Colorado River. Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26, 103 S.Ct. 927, 74 L. Ed. 2d 763 (1983).

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray this Honorable Court will deny Defendants' Motion for Abstention. Plaintiffs also pray for all other general relief this Court deems to be fair and just.

Respectfully submitted this the 30th day of April 2018.

**PLAINTIFFS**

/s/ *Carlos E. Moore*
CARLOS E. MOORE, MSB#100685

**OF COUNSEL :**

**TUCKER MOORE GROUP**
**306 Branscome Drive**
**P. O. Box 1487**
**Grenada, Mississippi 38901**
**Office:(662) 227-9940**
**Fax:    (662) 227-9941**
**carlos@tuckermoorelaw.com**

<u>**CERTIFICATE OF SERVICE**</u>

I certify a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

This the 30th day of April 2018.

/s/ *Carlos E. Moore*
CARLOS E. MOORE, MSB#100685