IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT SALLEY and**
**BONITA CUNNINGHAM**                                         **PLAINTIFFS**

**v.**                                               **CAUSE NO: 4:18 -CV-66-MPM-JMV**

**WEBSTER COUNTY, MISSISSIPPI, SHERIFF TIM MITCHELL,**
**IN HIS OFFICIAL CAPACITY, CHIEF DEPUTY DILLON**
**CATES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,**
**and DEPUTY BLAKE LOVE, IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITIES**                                         **DEFENDANTS**

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COME DEFENDANTS, **WEBSTER COUNTY (Officially), SHERIFF TIM MITCHELL (Officially), DEPUTY DILLON CATES (Officially and Individually),** and **DEPUTY BLAKE LOVE (Officially and Individually)**, by counsel, and respectfully submit their Reply Memorandum in Support of Qualified Immunity, Dismissal and/or Judgment on the Pleadings, to-wit:

**1) BACKGROUND:** Plaintiffs lead law enforcement officers on chase through three counties which was *captured on video*. The complete investigation by the Mississippi Bureau of Investigation remains awaiting action by a state grand jury. In addition to the indictment on charges related to methamphetamine which were pending at the time of the flight, Plaintiff Salley now faces charges of felony flight. Because Deputy Cates and Deputy Love both discharged their weapons, their actions too must be considered by a state grand jury. As these state law matters were developing, Plaintiffs filed the instant suit, mere days after the incident - including claims that this indicted felon be free from prosecution in Webster County. **[Complaint, Doc. 1 @ ¶22]**.

1

**2) FEDERAL CLAIMS:** The most recent similar federal claim in this jurisdiction favors dismissal here. In the case of *Romero v. City of Grapevine, Texas,* No. 17-10083, 2018 WL 1885545 (5th Cir. Apr. 20, 2018), the defendant officer of the Grapevine Police Department shot and killed Ruben Garcia-Villalpando after a high speed chase along a Texas highway. The Fifth Circuit affirmed dismissal of plaintiff's claims against the City of Grapevine, Texas, and the Chief of the Grapevine Police Department. The Fifth Circuit also affirmed summary judgment for the defendant officer on plaintiff's remaining excessive force claim under 42 U.S.C. 1983 on the basis of qualified immunity.

Recognizing the tense and evolving factual circumstances, the Fifth Circuit held that the officer reasonably believed that the suspect posed a threat of serious harm. In this case, the suspect fled the scene of a serious crime, drove recklessly and endangered others, refused to obey roughly thirty commands, and approached the officer on a narrow highway shoulder directly adjacent to speeding traffic. By comparison, Plaintiff Salley was under indictment on charges related to methamphetamine which were pending at the time of the flight, drove recklessly and endangered others and refused to obey the commands of a law enforcement officer standing outside his vehicle with a drawn weapon. Salley faces charges of felony flight. Like the case of *Romero,* the Webster County Deputies here found themselves on foot with a fleeing felon attempting to get his vehicle back onto the roadway and great risk to their own safety. Unlike the case of *Romero,* the Webster County Deputies only inflicted minor damage to Plaintiff Salley who escaped with only a minor flesh would for which he was treated and released prior to booking.

In the case of *Romero* the Fifth Circuit explained that the fact that deceased suspect was ultimately found to have been unarmed is immaterial. Rather, the burden was on the plaintiff to

2

demonstrate that suspect's Fourth Amendment rights were violated, and she failed to do so.

**3) STATE LAW PREMISE:** Plaintiffs' claims under state law remain premature under *Miss. Code Ann*. §11-46-11 and subject to dismissal because intentional torts are barred as a matter of law, and unlawful flight by a wanted felon at speeds exceeding 100 miles per hour is clearly a claim barred by law enforcement immunity. *Plaintiffs offer nothing to contest these clear points of law.*

**NOW, THEREFORE,** these Defendants respectfully move this Court to dismiss the instant Complaint with prejudice pursuant to Rule 12(b)(6) & (c), *Fed. R. Civ. Proc.*

**FILED** this the 7th day of May, 2018.

                                                **JACKS | GRIFFITH | LUCIANO, P.A.**

                                  By:   /s/ *Daniel J. Griffith*
                                             Daniel J. Griffith, MS Bar No. 8366
                                             Attorney for Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

      I, Daniel J. Griffith, attorney of record for Defendants do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Reply Memorandum in Support of Motion to Dismiss* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

                Carlos E. Moore, Esq.
                TUCKERIMOORE GROUP, LLP
                306 Branscome Drive
                P. 0. Box 1487
                Grenada, MS 38902-1487
                662-227-9940 - phone
                662-227-9941 - fax
                Email: carlos@tuckermoorelaw.com

**DATED** this 7th day of May, 2018.

                              /s/ **Daniel J. Griffith**
                              Daniel J. Griffith