IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT SALLEY and**
**BONITA CUNNINGHAM**                          **PLAINTIFFS**

**v.**                          **CAUSE NO: 4:18 -CV-66-MPM-JMV**

**WEBSTER COUNTY, MISSISSIPPI, SHERIFF TIM MITCHELL,**
**IN HIS OFFICIAL CAPACITY, CHIEF DEPUTY DILLON**
**CATES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,**
**and DEPUTY BLAKE LOVE, IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITIES**                          **DEFENDANTS**

## REPLY MEMORANDUM IN SUPPORT OF ABSTENTION

NOW COME DEFENDANTS, **WEBSTER COUNTY (Officially), SHERIFF TIM MITCHELL (Officially), DEPUTY DILLON CATES (Officially and Individually),** and **DEPUTY BLAKE LOVE (Officially and Individually)**, by counsel, and respectfully submit their Reply Memorandum in Support of Abstention, to-wit:

**1) BACKGROUND:** Plaintiffs lead law enforcement officers on a chase through three counties which was *captured on video*. The complete investigation by the Mississippi Bureau of Investigation remains awaiting action by a state grand jury. In addition to the indictment on charges related to methamphetamine which were pending at the time of the flight, Plaintiff Salley now faces charges of felony flight. Because Deputy Cates and Deputy Love both discharged their weapons, their actions too must be considered by a state grand jury. As these state law matters were developing, Plaintiffs filed the instant suit, mere days after the incident - including claims that this indicted felon be free from prosecution in Webster County. **[Complaint, Doc 1 @ ¶22]**.

1

**2) DISCUSSION**: The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, to protect or effectuate its judgments." 28 U.S.C. § 2283. Through § 1983, Congress expressly authorized federal courts to enjoin state proceedings to protect federal rights. Under the *Younger* abstention doctrine, however, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding, (2) the state has an important interest in regulating the subject matter of the claim, and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.

Even when those three criteria are satisfied, a federal court may not enjoin a state-court criminal prosecution unless (1) the state proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it;" or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate." *Younger v. Harris,* 401 U.S. 37, 45, 53-54 (1971).

Please consider the recent case of in *Gates v. Strain,* 885 F.3d 874, 878 (5th Cir. 2018). In November 2006, St. Tammany Parish Sheriff's Deputy Nathan Miller observed Shane Gates's vehicle swerving repeatedly on Interstate 12. According to the police report, after Deputy Miller signaled for Gates to pull over, Gates accelerated to 104 miles-per-hour in an attempt to flee. When he was pulled over, Gates opened his car door and fell to the ground. When Deputy Miller attempted to move him from the shoulder of the interstate, Gates began to wrestle with Deputy Miller. Deputy

Miller then held Gates down on the hood of his patrol car while waiting for backup. Officers Gottardi and Williams arrived. When Officer Gottardi attempted to place handcuffs on Gates, he began to flail his arms. Deputy Miller then administered a one-second burst of pepper spray to subdue Gates, and the officers were able to handcuff him. According to the report, Gates threw his head and body back against Deputy Gottardi while Gottardi attempted to place him in a patrol car. Deputy Gottardi then took Gates to the ground, resulting in a one-half inch laceration near Gates's left eye. Gates was transported to an emergency room, where his blood alcohol level was measured at .273 on admission. The arrest report listed his offenses as driving while intoxicated, reckless operation of a motor vehicle, open container in a motor vehicle, aggravated obstruction of a highway of commerce, and resisting an officer. He later was charged with aggravated flight from an officer.

By comparison, Plaintiff Salley, an indicted felon with a bench warrant seeking to secure his appearance in state court on charges related to methamphetamine, fled from Webster County Deputies in a manner consistent with the state criminal charge of felony flight. Plaintiff Salley evaded gunfire from the deputies with minor injuries and continued his flight into Grenada County. Like the plaintiff in *Gates v. Strain,* Plaintiff Salley also requests injunctive relief.

In *Gates v. Strain,* the three general criteria for *Younger* abstention were satisfied. First, by issuing the injunction requested by Gates, the federal court clearly would be interfering with an ongoing state judicial proceeding. Second, the underlying state proceeding concerned the enforcement of state criminal laws, an area in which the state had a strong interest. Third, Gates could raise his challenge in state court. Thus, *Younger* abstention precluded an injunction unless one of the three narrow exceptions applied.

In *Gates v. Strain,* the Fifth Circuit agreed with the district court that none of the three

3

exceptions applied. Gates's asserted grounds for an injunction neither fit within the narrow bad-faith exception nor presented the kind of extraordinary circumstances that justified departure from the general rule of non-interference. There was no evidence of bad faith, and Gates had not established a likely double-jeopardy violation. Further, Gates's alleged denial of a speedy trial was not itself a legitimate basis for enjoining a state criminal proceeding.

In the instant case, Plaintiff Salley could have clearly filed something at the state court level, but has not. His allegations of bad faith are mere words. Even if the result were bad for these law enforcement defendants, there is clearly a strong state interest for claims involving the use of deadly force by law enforcement to be investigated by an outside agency and presented for consideration to a duly empaneled grand jury. In sum, a clear case for abstention has been made.

**NOW, THEREFORE,** Movants respectfully pray that:

1) the Court dismiss the instant case via abstention; and,

2) The Court grant such other relief, as may be warranted under the circumstances, including attorney fees and costs incurred via the instant motion under authority of *Fed. R. Civ. Proc.* Rule 11 and/or 42 U.S.C. §1988.

**FILED** this the 7th day of May, 2018.

                                      **JACKS | GRIFFITH | LUCIANO, P.A.**

                              By:   /s/ ***Daniel J. Griffith***
                                    Daniel J. Griffith, MS Bar No. 8366
                                    Attorney for Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue

Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendants do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Reply Memorandum in Support of Motion to Abstain* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

>Carlos E. Moore, Esq.
>TUCKERIMOORE GROUP, LLP
>306 Branscome Drive
>P. 0. Box 1487
>Grenada, MS 38902-1487
>662-227-9940 - phone
>662-227-9941 - fax
>Email: carlos@tuckermoorelaw.com

**DATED** this 7th day of May, 2018.

>    /s/ ***Daniel J. Griffith***
>Daniel J. Griffith